MR. JUSTICE HUNT,
dissenting:
I dissent and concur in the opinion of Mr. Justice Sheehy.
The District Court should be affirmed. Montana has rightfully placed privacy paramount to any illegal public or private intrusion. The constitutional delegates knew Montana when they wrote:
“The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interest.” Mont. Const. Art. II, section 10.
This has been the law and should remain the law without exception or qualification.
It is no favor to judicial integrity to use an incident of an illegal intrusion as a substitute for due process. The majority of this Court now allows the trespasser and the snoop to do work properly assigned to lawfully constituted law enforcement. We should leave law enforcement to those legally and rightfully entrusted with that task. It is not an injustice to society to apply the exclusionary rule to private searches. If a private search is a result of illegal or improper conduct, including trespass, all evidence obtained therefrom should be excluded. Law enforcement should be left to law enforcement officers who are not only trained to apprehend the wrongdoer but, just as importantly, to respect the rights of all Montana citizens including what was, before the majority opinion, the constitutional right to privacy.